13-1395-cv
Berger v. Apple REIT Ten, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                         *Chief Judge*,
                  JOHN M. WALKER, JR.,
                  CHRISTOPHER F. DRONEY,
                         *Circuit Judges*.

_____

LAURA BERGER, BARBARA SHEFSKY,
MARVIN BENDAVID, DEBRA KRONBERG,
STANLEY KRONBERG,

                    *Plaintiffs-Appellants*,

WILLIAM MURRAY,

                    *Additional Plaintiff-Appellant*,

                    v.                                              No. 13-1395-cv

APPLE REIT TEN, INC., APPLE REIT NINE, INC.,
DAVID LERNER ASSOCIATES, INC., DAVID LERNER,
GLADE M. KNIGHT, BRYAN PEERY, KENT W.
COLTON, GLENN W. BUNTING, R. GARNETT HALL,
JR., RONALD A. ROSENFELD, ANTHONY FRANCIS
KEATING, III, AKA CHIP, LISA B. KERN, BRUCE H.
MATSON, MICHAEL S. WATERS, ROBERT M. WILY,
APPLE TEN ADVISORS, APPLE NINE ADVISORS,

APPLE REIT SIX, INC., APPLE REIT SEVEN, INC.,
APPLE REIT EIGHT, INC., APPLE SUITES REALTY
GROUP, INC., APPLE EIGHT ADVISORS, INC., APPLE
FUND MANAGEMENT, LLC, DAVID J. ADAMS,

*Defendants-Appellees.*

| | |
|---|---|
| For Plaintiffs-Appellants: | JOHN A. KEHOE, Girard Gibbs LLP, New York, NY; Jonathan K. Levine, Daniel C. Girard, Amanda M. Steiner, Dena C. Sharp, Girard Gibbs LLP, San Francisco, CA; Jacob H. Zamansky and Edward H. Glenn, Jr., Zamansky LLC, New York, NY; David P. Meyer and Matthew R. Wilson, Meyer Wilson Co., LPA, Columbus, OH |
| For Defendants-Appellees David Lerner Associates, Inc., and David Lerner: | KENNETH I. SCHACTER (Derek Care, *on the brief*), Bingham McCutchen LLP, New York, NY; Michael D. Blanchard, Bingham McCutchen LLP, Hartford, CT |
| For Defendants-Appellees Ronald A. Rosenfeld, Lisa B. Kern, Bruce H. Matson: | GREGORY S. BRUCH (Sandra M. Hanna, *on the brief*), Bruch Hanna LLP, Washington, DC |
| For all other Defendants-Appellees: | ELIZABETH F. EDWARDS (Michelle M. Christian, *on the brief*), McGuireWoods LLP, Richmond, VA; Marshall Beil, McGuireWoods LLP, New York, NY; Charles Wm. McIntyre, McGuireWoods LLP, Washington, DC |

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and

**VACATED** and **REMANDED** in part.

Plaintiffs-Appellants appeal from an April 11, 2013 judgment of the United States

District Court for the Eastern District of New York (Matsumoto, *J.*) dismissing their

consolidated class action complaint in its entirety. The plaintiffs brought claims under Sections

2

11, 12, and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77*l*(a)(2), and 77o, state

common law claims, and Florida and Connecticut state securities law claims against the various

defendants-appellees on behalf of a class of investors in a series of real estate investment trusts

(the "Apple REITs"). We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal.

"We review *de novo* a district court's grant of a motion to dismiss under Rule 12(b)(6),

'accepting all factual claims in the complaint as true, and drawing all reasonable inferences in

the plaintiff's favor.'" *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 107 (2d Cir. 2012)

(quoting *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010)). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

quotation marks omitted).

The plaintiffs first contend that the district erred in dismissing their Securities Act and

state securities law claims on the ground that the complaint fails to state any actionable

misstatements or omissions. "The test for whether a statement is materially misleading under

Section 12(a)(2) is identical to that under Section 10(b) and Section 11: whether representations,

viewed as a whole, would have misled a reasonable investor." *Rombach v. Chang*, 355 F.3d 164,

178 n.11 (2d Cir. 2004). Upon careful review of our governing case law and the record on

appeal, including the relevant offering documents, we agree with the district court that none of

the four categories of allegedly misleading statements is actionable. Accordingly, we affirm the

dismissal of the plaintiffs' state and federal securities law claims largely for the reasons given in

the district court's thorough opinion.

3

The plaintiffs also contend that the district court failed to address their allegation that the Apple REITs' offering documents were misleading because the defendants failed to follow their stated policy that distributions to shareholders would "depend on factors including: gross revenue we receive from our properties, our operating expenses, our interest expenses incurred in borrowing, capital expenditures, and our need for cash reserves." J.A. 75. Although it appears that the district court did not explicitly address this argument, the defendants are entitled to dismissal nonetheless. The only factual allegation supporting the plaintiffs' conclusory assertion that this policy was not followed is that the Apple REITs regularly paid out 7-8% distributions, which equaled or exceeded the distribution rates paid by other non-traded REITs. However, in the absence of additional factual allegations, the plaintiffs ask us to make too great an inferential leap in assuming from these limited facts that the Apple REITs' boards of directors did not also consider the stated non-exclusive list of factors in determining distribution rates. *See Iqbal*, 556 U.S. at 679 (commenting that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is appropriate).

Although we find that the district court correctly determined that the offering documents did not include any material misstatements or omissions, we do not agree with the district court's conclusion that the complaint fails to allege that the plaintiffs have suffered a cognizable loss. The district court acknowledged that the plaintiffs are not required to plead loss causation to state a Section 11 or 12(a)(2) claim. However, it nonetheless found it "clear" from the face of the complaint that the plaintiffs had suffered no losses. For example, the district court found the fact that investors had received monthly distribution payments and had never received less than $11 per share in the Apple REITs' redemption program precluded a finding that they had suffered

4

any loss; however, we have previously held that plaintiffs "need not plead an out-of-pocket loss in order to allege a cognizable diminution in the value of an illiquid security under § 11." *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 149 (2d Cir. 2012). Moreover, the lack of a public market, and thus a market price, for the Apple REIT shares does not prevent the plaintiffs from showing that the value of the shares at the time of their lawsuit was less than the $11 per share they initially paid. As we have held, "[t]he value of a security is not unascertainable simply because it trades in an illiquid market and therefore has no 'actual market price.' Indeed, valuing illiquid assets is an important (and routine) activity for asset managers . . . ." *Id.* at 167. Here, the plaintiffs have alleged facts—including recent statements by an independent market participant indicating a market value of Apple REIT shares less than $11—that plausibly suggest a decline in the true value of Apple REIT shares. Thus, the district court erred in finding that the plaintiffs failed to allege a cognizable loss.

Even though we conclude that the district court erred with respect to its loss determination, the plaintiffs' Securities Act claims must be dismissed nonetheless for failure to identify any actionable misstatements or omissions, as discussed above. However, the district court also dismissed the plaintiffs' state common law based on its finding that the complaint did not allege any losses suffered by the plaintiff class.[1] To the extent that the district court relied on

---

[1] The district court dismissed the plaintiffs' unjust enrichment claim on the alternate ground that the plaintiffs' rights to payment were based on the Subscription Agreements and Acknowledgment of Risk forms between the parties, so a theory of unjust enrichment is inapplicable. The plaintiffs do not contest that finding on appeal, and so this issue is waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

this rationale,[2] its dismissal of the plaintiffs' state law breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and negligence claims is vacated and remanded for further proceedings consistent with this order.

Finally, the plaintiffs contend that the district court abused its discretion by denying their request for leave to amend the complaint. It is well settled that "[w]hen a party requests leave to amend its complaint, permission generally should be freely granted." *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). However, "the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party." *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "We review a district court's denial of leave to amend for abuse of discretion." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007).

Below, the district court denied leave to amend because the plaintiffs had not explained what new allegations they would add that might cure the deficiencies in the complaint. On appeal, the plaintiffs provide general categories of allegations that they intend to add, although they have not explained how those new allegations would alter the total mix of information set forth in the offering documents and thus affect the conclusion that the disclosures were not misleading. Under these circumstances, the district court did not abuse its discretion in denying leave to amend the complaint. *See Wilson v. Merrill Lynch & Co., Inc.*, 671 F.3d 120, 140 (2d Cir. 2011) (affirming a denial of leave to replead where the plaintiff failed to provide "any detail about these proposed new allegations").

---

[2] The district court commented in a footnote that the "nonspecific nature" of the plaintiffs' state law claims "may justify dismissal." Because the district court did not rest its decision on this ground and the parties do not meaningfully press this argument on appeal, we do not reach this issue. Nor do we express any view as to whether the plaintiffs have otherwise adequately pleaded their remaining state law claims.

We have considered the parties' remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED** in part and

**VACATED** and **REMANDED** in part for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK